THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES L. LANGONE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CV 03571 |
| | ) | |
| THE BELT RAILWAY COMPANY OF CHICAGO, | ) | Hon. Suzanne B. Conlon |
| | ) | |
|     Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

The Defendant, The Belt Railway Company of Chicago ("the Belt"), by and through its attorneys, Mary Louise Kandyba and Daley Mohan Groble P.C., for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

    1.    This is an action for employment discrimination.

**ANSWER:**    **The Belt admits that Plaintiff claims Employment Discrimination.**

    2.    The plaintiff is James L. Langone of the County of DuPage in the State of Illinois.

**ANSWER:**    **The Belt admits the allegations of Paragraph 2 of Plaintiff's Complaint.**

    3.    The defendant is Belt Railway Co., whose street address is 6900 South Central Avenue, Bedford Park, Illinois 60638.

**ANSWER:**    **The Belt admits that the Defendant is The Belt Railway Company of Chicago. The Belt admits each and every remaining allegation of Paragraph 3 of Plaintiff's Complaint.**

    4.    The plaintiff sought employment or was employed by the defendant at the same address above in Paragraph 3.

**ANSWER:    The Belt admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.**

5.    The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:    The Belt admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.**

6.    The defendant discriminated against the plaintiff on or about, or beginning on or about October 21, 2005.

**ANSWER:    The Belt denies the allegations contained in Paragraph 6 of Plaintiff's Complaint, and each of them.**

7.1    The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with the following governmental agencies:

    (i)    The United States Equal Employment Opportunity Commission, on or about November 27, 2005;

    (ii)    The Illinois Department of Human Rights, on or about November 27, 2005.

**ANSWER:    The Belt admits the allegations of Paragraph 7.1 of Plaintiff's Complaint.**

7.2    (Not indicated by Plaintiff on the complaint form.)

**ANSWER:    The Belt makes no answer to this paragraph as it has not been completed by Plaintiff on the Complaint form.**

8.    (Not indicated by Plaintiff on the complaint form.)

**ANSWER:    The Belt makes no answer to this paragraph as it has not been completed by Plaintiff on the Complaint form.**

9. The defendant discriminated against the plaintiff because of the plaintiff's disability (Americans with Disabilities Act or Rehabilitation Act.)

**ANSWER:    The Belt denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.**

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:    The Belt makes no answer to this paragraph as it is not applicable to this Defendant.**

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 122117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:    The Belt admits that the Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the claims asserted in the Complaint arise under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq*.**

12. The defendant terminated the plaintiff's employment (refer to the attached charge incorporated by reference.)

**ANSWER:    The Belt denies the allegations contained in Paragraph 12 of Plaintiff's Complaint, and specifically denies the allegations contained in the charge attached to Plaintiff's Complaint and incorporated by reference, and each of them.**

13. The facts supporting the plaintiff's claim of discrimination are as follows:
    (Refer to attached charge incorporated by reference.)

      A.     ISSUE/BIAS

13(A)(1)     Complainant contends that Respondent management knowingly allowed his coworkers to subject him on-going harassment, i.e., different treatment because of his physical handicap, a hearing dysfunction condition, in violation of the Illinois Human Rights Act and the Americans with Disabilities Act.

**ANSWER:     The Belt denies the allegations contained in paragraph 13(A)(1) of Plaintiff's Complaint.**

      B.     PRIMA FACIE CASE

13(B)(1)     Complainant contends that he has been working at Respondent since March 1974; and during the time of the underlying events described herein he was working in the train yard doing "switchman" type work;

**ANSWER:     The Belt admits only that it employed Plaintiff as switchman from March 1974 until April 2007. The Belt denies each and every remaining allegation of Paragraph 13(B)(1) of Plaintiff's Complaint.**

13(B)(2)     Complainant has a medical condition, a significant and long term "hear impairment/condition" which results in his ability to hear sounds and voices at a level which is normal for his similarly situated coworkers;

**ANSWER:     The Belt admits that Plaintiff has a hearing loss. The Belt has insufficient knowledge as to whether or not the hearing loss from which Plaintiff suffers currently impairs or restricts Plaintiff's ability to work. Further answering, Belt states that Plaintiff**

**performed the essential functions of his job as a switchman with his hearing loss during the course of his employment with Belt. Therefore, The Belt denies the remaining allegations of paragraph 13(B)(2).**

    13(B)(3)  Complainant's disability is known to Respondent management and coworkers and such disability is a "qualified disability" under the Illinois Human Rights Act and the Americans with Disability Act.

**ANSWER:  The Belt denies the allegations contained in Paragraph 13(B)(3) of Plaintiff's Complaint.**

    13(B)(4)  Complainant states that his disability does not prevent him from adequately performing his assigned duties at Respondent;

**ANSWER:  The Belt admits only that, throughout the course of Plaintiff's employment, he was able to adequately perform his assigned duties with his hearing loss. The Belt denies the remaining allegations contained in paragraph 13(B)(4) of Plaintiff's Complaint.**

    13(B)(5)  Complainant contends that Respondent management allows, and thereby encourages his coworkers to subject him to on-going harassment because of his hearing impairment;

**ANSWER:  The Belt denies the allegations contained in paragraph 13(B)(5) of Plaintiff's Complaint.**

    13(B)(6)  Complainant contends that many of these coworkers openly and notoriously subject him to on-going harassment by:

      *  setting up situations when one of them will intentionally blow a train horn within three feet of Complainant so as to intentionally hurt his ears and make them bleed;

      \*  setting up situations whereby coworkers are making him appear to not be performing his assigned job duties;

      \*  setting up situations where management and staff are calling his name over the company loud speaker system.

**ANSWER:** **The Belt denies the allegations contained in paragraph 13(B)(6) of Plaintiff's Complaint, including those contained in the three subparagraphs therein.**

   13(B)(7)  Complainant contends that management has allowed his coworkers to continue on in this harassment with the intention of subjecting him to a "constructive discharge" all because of his physical disability, a long term and substantial hearing impairment in violation of the Illinois Human Rights Act and the Americans with Disabilities Act.

**ANSWER:  The Belt denies the allegations contained in Paragraph 13(B)(7) of Plaintiff's Complaint.**

   13(B)(8)  Complainant prays for all the relief to which he is entitled including monies for the on-going continuing harassment, injunctive relief ordering Respondent management to stop the on-going harassment of Complainant by coworkers; and, the deletion from his personnel file any record of this charge and the results therefrom; Complainant understands that any subsequent employer retaliation against him for having filed this civil rights charge is an additional civil rights violation, i.e., unlawful retaliation which is actionable in your agency and at the EEOC.

**ANSWER:    The Belt denies that Plaintiff is entitled any of the relief requested in Paragraph 13(B)(8) of Plaintiff's Complaint, and denies each and every remaining allegation of said Paragraph.**

14. (Not indicated by Plaintiff on the complaint form.)

**ANSWER:    The Belt makes no answer to this paragraph as it has not been completed by Plaintiff on the Complaint form.**

15. (Not indicated by Plaintiff on the complaint form.)

**ANSWER:    The Belt makes no answer to this paragraph as it has not been completed by Plaintiff on the Complaint form.**

16. Therefore, the plaintiff asks the court grant the following relief to plaintiff:

   (a) (Not indicated by Plaintiff on the complaint form.)

   (b) (Not indicated by Plaintiff on the complaint form.)

   (c) (Not indicated by Plaintiff on the complaint form.)

   (d) (Not indicated by Plaintiff on the complaint form.)

   (e) (Not indicated by Plaintiff on the complaint form.)

   (f) Direct the defendant to reimburse Plaintiff for any lost wages, pain and suffering damage, etc., no reinstatement requested.

   (g) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

   (h) Grant such other relief as the Court may find appropriate.

**ANSWER:  The Belt denies that Plaintiff is entitled to any of the relief requested in Paragraph 16 of Plaintiff's Complaint, including subparagraphs (f) through (h) therein.**

WHEREFORE, the Defendant, The Belt Railway Company of Chicago, respectfully moves this Court to dismiss Plaintiff's Complaint with prejudice, enter judgment in its favor and against Plaintiff, award costs against the Plaintiff, and grant any other just and appropriate relief.

## AFFIRMATIVE DEFENSES

The Belt hereby alleges the following affirmative defenses to Plaintiff's Complaint of Employment Discrimination:

1. Plaintiff's claims are barred because, as a matter of law, he does not suffer from a disability as defined by the Americans with Disabilities Act. Silk v. City of Chicago, 194 F.3d 788, 799 (7th Cir. 1999).

2. Even if Plaintiff is deemed to suffer from a disability (which the Belt denies), then the Belt is not liable because, as a matter of law, the Plaintiff never suffered an adverse employment action as a result of his disability. Silk v. City of Chicago, 194 F.3d 788, 798 (7th Cir. 1999).

3. By establishing and promulgating an Equal Employment Opportunity policy on or about May 15, 2004, the Belt exercised reasonable care to prevent and correct any discriminatory or harassing behavior, and therefore the Belt is not liable. Silk v. City of Chicago, 194 F.3d 788, 805 (7th Cir. 1999).

5. By virtue of Plaintiff's application to the Railroad Retirement Board for a disability annuity, Plaintiff is estopped from claiming that he could have worked "with or without reasonable accommodation," an element of his claims under the Americans with Disabilities Act. Johnson v. ExxonMobil Corporation, 426 F.3d 887 (7th Cir. 2005).

6.      To the extent that the resolution of Plaintiff's claims under the the Americans with Disabilities Act requires the interpretation of the work rule provisions in the applicable collective bargaining agreement(s) (CBA) relating to Belt employees' duties to comply with the General Code of Operating Rules, and other applicable rules, such claims are preempted by the Railway Labor Act (RLA), 45 U.S.C. § 151 et seq., and therefore this court lacks subject matter jurisdiction over Plaintiff's claim.  Brown v. Illinois Cent. R. R. Co., 254 F.3d 654, 668 (7th Cir. 2001).  Furthermore, issues relating to Defendant's ability to accommodate Plaintiff's alleged disability are also governed by the applicable CBA and therefore those claims are preempted under the RLA as well.

WHEREFORE, Defendant, The Belt Railway Company of Chicago, moves this Court to dismiss Plaintiff's Complaint with prejudice, enter judgment in its favor and against Plaintiff, award costs to the Belt, and grant any other just and appropriate relief.

Respectfully submitted,

THE BELT RAILWAY COMPANY OF CHICAGO

By:     /s/ Mary Louise Kandyba
        Mary Louise Kandyba
        Daley Mohan Groble, P.C.
        55 West Monroe, Suite 1600
        Chicago, Illinois 60603
        Telephone: (312) 422-9999
        Facsimile:  (312) 422-5370
        Attorney No. 06180752

## CERTIFICATE OF SERVICE

  I, Mary Louise Kandyba, an attorney, state that on August 25, 2008, I served true and correct copies of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon the following individuals of record via the Court's CM/ECF filing system and by U.S. Mail by depositing the same in the U.S. Post Office box located at 55 West Monroe, Chicago, Illinois:

  Rafael Molinary, Esq.
  Rafael Molinary, P.C.
  3930 N. Pine Grove Avenue
  Suite 715
  Chicago, Illinois 60613

           By: /s/ Mary Louise Kandyba
              Mary Louise Kandyba
              Daley Mohan Groble, P.C.
              55 West Monroe, Suite 1600
              Chicago, Illinois 60603
              Telephone: (312) 422-9999
              Facsimile:  (312) 422-5370
              Attorney No. 06180752